Paul A. Fourtier

    vs                            No.8367

Liberty Manufg' Co.Appellant.

Charles F.Claiborne,Judge.

April 30th 1923

Paul A. Fourtier

vs                                                    No. 8567

Liberty Manfg. Co., Appellant.

Charles F. Claiborne, Judge.

This is a damage suit for failure to execute a
contract within the time specified.

The plaintiff alleges that on April 25th 1918 he
made a contract with the defendant by which said defendant
was to manufacture 10,000 bicycle stands invented by the plain-
tiff and to deliver 1,000 of said stands within three months
from the date of the contract and the remainder on stated dates,
during two years; in case of violation of the contract by either
party " it will become null and void and the party injured by
such violation shall have the right to recover from the other
all such damages as he may have suffered. In case of the viola-
tion of this agreement by the party of the second part because
of acts beyond his control, it shall be entitled to such delay
as the circumstances may warrant." The defendants did not perform
their contract with-in the time specified; whereupon the plaintiff
on August 3" 1918, nine days after the time specified for the
first delivery, wrote a letter to the defendants making demand
for 1,000 stands.

To which letter the defendant replied by saying
that they were doing everything in their power to make delivery
on time, "but due to the abnormal conditions existing, in the
way of securing skilled labor such as was required for the man-
ufacturing of this product which conditions they were not res-
ponsible for, they would be compelled to ask them to have a little
more patience, as they were rushing the work all they could, and
would deliver the stands at as early a date as possible; the
plaintiff then addressed another letter to the defendant giving
them ten days to make delivery in accordance with the terms of

789

contract.On August 22nd following,when defendant still was in default,the plaintiff notified the defendants in writing that their contract was " cancelled and annulled by the failure on their part to make deliveries as agreed" and that he would sue for the annulment of the contract and for damages.On December 9th 1918 the plaintiff filed this suit for the annulment of the contract and for damages.

The defense was a repetition of defendants' letters quoted above,and the assertions of the continuing existence of the contract and willingness to execute it.

There was judgment for plaintiff as prayed for and defendant has appealed.

At the time this contract was made this Country was at war,with foreign nations.But there is no positive evidence that the restrictions on trade upon which defendant relies were in force on April 25th 1918 .

W.P.Conery,Manager of the defendant Company being asked why he could not comply with the contract said:

"He was unable to get the necessary material or to hire the class of mechanics able to turn out the kind of work required to execute the contract;he applied to the Machinists' Union,he advertised,he caused his employees to inquire,he applied to the other shops and even asked the plaintiff to procure mechanics;he paid higher prices than shop prices.He tried to procure the necessary material through the usual channels,St. Louis,Chicago and from local jobbers;he did not have the material on hand at the time he made the contract;sometime in June or July he got a letter from the St.Louis screw Company telling him that there was no chance of getting any material;he kept the plaintiff posted as the situation of labor and material; he could not get the men and materials owing to the war and war conditions;

the defendant Company took the usual pledge required by the government to obtain material and sent it to Washington; the bicycle stand was not looked upon as a war essential by the goverbment officials when he took it up with them; there was no other manufacturer who could have secured the steel to make those stands unless they misrepresented things to the government or gave some fictitions goverbment order that it was to be used on; whenever they wanted to buy material they had to give either a was contract number or a priority number which was furnished by the priority board if they considered it essential to the welfare of the nation during was time; but for ~~the business~~ Luxuries they would not issue those orders; he would not have been permitted to use the steel in his own establishment without permission from the board.

J.C.Markstein, engaged in selling railway and mill supplies for the St.Louis Screw Company of St.Louis testified that he received an order from the defendant Company between June 20th and July 20th 1918 for bolts, screw, nuts and etc; they refused to accept it" because the Liberty Manufacturing Co. could not give them either a priority certificate from the War Industries Board or a goverbment order; they received those goverment orders on July 3rd 1918 ; prior to that time they had to be informed that jobbers had signed the pledge with the War Industries Board; the pledge was that any material bought from them would be sold only to those doing essential work.
All this testimony stands uncontradicted.

The law of the case is contained in the contract itself in these words; " In case of the violation of this agreement by the party of the second part because of acts beyond his control, it shall be entitled to such delay as the cirsumstances may warrant." We consider this language as covering the unforeseen emergencies which might arise by reason of war conditions then prevailing and which did arise. It was broad enough to cover all conditions beyond the defendant's control.

But independently of this clause the law exempts the defendants from the performance of their contract within the time specified under the circumstances.

C.C.1933 (1927)  S 2 N

"Where,by a fortuitous event or irresestible force, the debtor is himdered from giving or doing what he had contracted to give or do or is from the same causes compelled to do what the contract bound him not to do,no damages can be recovered for the inexecution of the contract."

C.C.2120- C.C.3556 S 1b :

" Fortuitous event is that which happens by a cause which we cannot resist." 115 La 6

The evidence shows that defendant's failure to execute his contract was owing to his inability to obtain men and material.This constituted a " for tuitous event and irresistible force."

The conditions existing during the war were matters of public notoriety.If it is said that the defendant should have known those conditions and should have acted accordingly, the answer is that the plaintiff also should be held to a knowledge of those same conditionsland that it would be irrequitable and illegal to persuit him to take advantage of them, to the loss of the defendant.
A contract must be construed as a whole and in the light of the conditions and cirsumstances existing at the time 9 R 308-151 La 696-

The plaintiff must have known that the defendant was not holding in stock material for 10,000 stands and that it would have been necessary for him to obtain them from some other source.

In the case of Drummond vs Steamer Castro the Court said:

"To enable a defendant to recover damages for the non-completion of a job of repairing a steam boiler within the

the time specified in the contract,it must be shown by defendant that the fault was with the plaintiff.If the evidence shows that the delay was unavoidable and that the plaintiff made the defendant acquainted with the causes of the delay,no damages can be receovered on account thereof."

We have therefore come to the conclusion that the plaintiff is entitled to a judgment annulling the contract sued on for the reason that the defendant could not execute the same and that it has expired by limitation,but that he is not entitled to the damages prayed for.

It is therefore ordered that so much of the judgment of the District Court as condemns the defendant,the Liberty Manufacturing Company Inc.to pay to the plaintiff,Paul L. Fourtier the sum of Eighteen Hundred and thirty two dollars with legal interest from judicial demand,until paid be reversed and set aside,and that in all other respects the said judgment be affirmed,the defendant and appellant to pay all costs of both Courts.

Judgment amended and affirmed.

April 30th 1923 .